IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL KENDRICK, individually and as Administrator of the Estate of Jonathan M. Kendrick, and on behalf of all others similarly situated,

   Plaintiff,

v.

AW DISTRIBUTING, INC., et al.,

   Defendants.

Case No. 25-2287-JWB-ADM

## **ORDER**

This matter comes before the court on Defendants' Motion to Stay. (ECF 113.) By way of this motion, defendants move to stay these proceedings pending a ruling from the Tenth Circuit Court of Appeals in the case of *Messerli v. A.W. Distributing, Inc.* Plaintiff opposes a stay. For the reasons explained below, the court finds a stay warranted in this instance and grants the motion.

**I. PROCEDURAL BACKGROUND**

Plaintiff Michael Kendrick brings this wrongful-death action against thirteen manufacturers/distributors and retailers of aerosol computer dusters. Plaintiff's adult son, Jonathan Kendrick, began misusing and inhaling (or "huffing") computer dusters in approximately 2011 and died from acute, 1,1-Difluoroethane ("DFE") intoxication in 2022. Plaintiff alleges that defendants knew the DFE in their products was highly addictive and dangerous, yet did not take appropriate steps to discourage or prevent abuse.

On September 12, 2024, plaintiff filed this case as a putative class action in the U.S. District Court for the Western District of Missouri. On May 21, 2025, the Western District determined

1

that venue was only proper for some, but not all, of the defendants in that district, and in the interests of justice transferred the case to this district where venue is proper for all claims. (ECF 93.) The court conducted a scheduling conference and entered a scheduling order on June 18, and defendants filed the present motion to stay the proceedings the following day. (ECF 112-113.)

Defendants assert that a stay is appropriate until the Tenth Circuit decides the appeal in *Messerli v. A.W. Distributing, Inc.*, District of Kansas Case No. 22-2305-DDC-TJJ. The attorneys who represent plaintiff in this case filed the *Messerli* case in 2022 on behalf of a father whose adult son died of DFE after huffing computer duster products. That case was also brought as a putative class action against manufacturer/distributors of computer dusters, including three of the defendants in this case: AW Distributing, Inc.; AW Product Sales & Marketing, Inc.; and Norazza, Inc. The claims asserted in *Messerli* and this case are nearly identical. On November 15, 2023, U.S. District Judge Daniel D. Crabtree dismissed all claims in *Messerli* on the grounds that Kansas criminalizes huffing and Kansas law precludes recovery for illegal acts (i.e., the "illegality defense"). *Messerli v. AW Distrib., Inc.*, No. 22-2305-DDC-TJJ, 2023 WL 6961977, at *8 (D. Kan. Oct. 20, 2023). Messerli appealed the dismissal, and the Tenth Circuit heard oral argument on November 22, 2024. Because more than eight months have passed since oral argument, defendants speculate that the Tenth Circuit's ruling in *Messerli* is imminent. Defendants assert that if the Tenth Circuit affirms the dismissal, the court would be bound to apply the ruling in this case and dismiss plaintiff's claims.

II.     ANALYSIS

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (ruling that the decision to stay discovery

2

lies within the trial court's sound discretion).  The court generally attempts to limit stays so as not to interfere with a plaintiff's right to proceed in court, but stays are appropriate in some circumstances.  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).  For example, a stay may be justified when the moving defendant's interests outweigh those of the plaintiff or when a stay would result in significant efficiencies.  *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  The court may exercise "its discretion to provide 'economy of time and effort for itself, for counsel, and for litigants.'" *Beltronics USA, Inc. v. Midwest Inventory Distribution LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (quoting *Landis*, 299 U.S. at 254); *see also Owens v. Student Loan Corp.*, No. 16-2382-JWL-KGG, 2017 WL 634447, at *3 (D. Kan. Feb. 16, 2017) (ruling, "the court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it").  Ultimately, in exercising its discretion, the court "must weigh competing interest and maintain an even balance." *Kendall State Bank v. Fleming*, No. 12-2134-JWL, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (quoting *Landis*, 299 U.S. at 254).

Considering these standards, the court finds the most prudent course is to stay the proceedings.  First, a genuine question exists as to whether this action may proceed or whether it is barred by the illegality defense.  Should this court determine that Kansas substantive law applies to plaintiff's claims—an issue that is raised in the currently pending motion to dismiss—then the Tenth Circuit's decision in *Messerli* could mandate dismissal of this case.  In other words, if the Tenth Circuit upholds Judge Crabtree's decision that Kansas law precludes recovery when a decedent intentionally huffed computer dusting products, the presiding district judge in this case

3

would likely dismiss the case if he finds that Kansas substantive law applies.  Moving forward with discovery and court proceedings at this juncture could result in significant inefficiencies for the court and parties given the uncertainty of how the Tenth Circuit might rule.  Second, the court agrees with defendants that the Tenth Circuit is likely to issue the *Messerli* ruling soon.  A short stay of proceedings will not cause plaintiff any material hardship.  Finally, staying the case will eliminate the possibility of this court issuing a ruling on the applicability of the Kansas illegality defense that is inconsistent with the *Messerli* rulings.

In reaching the decision to stay the proceedings at this juncture, the court notes that it is not "reconsidering" Western District Judge Beth Phillips's February 19, 2025 order declining to stay discovery pending decisions on defendants' motion to change venue and to dismiss.  (ECF 68.)  Despite plaintiff's argument to the contrary, Judge Phillips based her decision on a Western District local rule and on circumstances that are different than those now present.  Judge Phillips's order did not mention *Messerli* and, in any event, was not issued on what is likely the precipice of the Tenth Circuit's decision on a potentially case-dispositive matter.  Thus, plaintiff's suggestion that Judge Phillips's decision is the determinative "law of the case" is incorrect.

**IT IS THERFORE ORDERED** that defendants' motion to stay (ECF 113) is granted.  The case is stayed in all respects.  Within 14 days of the Tenth Circuit's decision in *Messerli*, the parties must file a joint status report suggesting how this case should proceed in light of the decision.

Dated July 30, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge